No. 4004·

First Circuit Appeal

---

OGLETHORPE UNIVERSITY v. J. A. SALMON

---

(Feb. 18, 1925, Opinion and Decree.)
. (May 5, 1925, Rehearing Refused.)

---

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Pleading—Par. 62, 114.**

Under the allegations of the petition with documents annexed to and made part of it, plaintiff is seeking to compel payment of an amount promised as a gift, without alleging that it is in furtherance of the purpose of the gift and the intent of the donor in giving, therefore the donor is under no obligation to pay. An exception no cause of action was sustained.

2. **Louisiana Digest—Laws—Par. 72.**

Acts No. 124 of 1882 and No. 251 of 1914, apply to Educational Institutions in this State only.

3. **Louisiana Digest—Pleading—Par. 50.**

Under the law C. C. Arts. 1827, 1897, 1882 and C. P. Art. 20, defendant can invoke the failure to allege compliance with the purpose for which he promised to give, as a defense against the action to compel him to pay.

Appeal from the Twenty-fifth Judicial District, Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a suit to compel payment of a subscription to a university in Georgia. The defendant interposed an exception no cause of action which was sustained and suit dismissed.

Plaintiff appealed. Judgment affirmed.

A. J. Finney, of Covington, attorney for plaintiff, appellant.

· Miller & Miller, of Covington, attorneys for defendant, appellee.

ELLIOTT, J.˙ The plaintiff, Oglethorpe University, brought ·suit against defendant, J. A. Salmen, to compel payment of $550.00 which he had ·subscribed "for the purpose of founding a Sounthern Presbyterian University in the City of Atlanta, Georgia, to be forever held in trust and controlled by. a self-perpetuating Board of Directors, each of whom shall be a member, in good and regular standing, of a Presbyterian Church, and each of whom shall represent on said. board—a gift of not less than $1000.00 to said university.

"I hereby subscribe $110 per year, for five years, totaling $550.00, payments to begin July 1, 1916."

The defendant interposed an exception of no cause or right of action; which was sustained in the lower court and the suit dismissed.

The document signed by the defendant is a promise to give for a certain purpose, which petition does not allege to have been performed, and the exception is based on the failure of the petition in this respect.

The promise to give is an imperfect obligation under our law, Civil Code Art. 1757 No. 1.

The Oglethorpe University of Atlanta, Georgia, is the plaintiff, consequently for the purposes of the exception we can assume that it has been founded at Atlanta, Georgia; but it cannot be assumed, as the petition does not allege that it is a Souther Presbyterian University, nor that it is held in trust and controlled by a self-perpetuating Board of Directors, each of whom is a member in good and regular standing of a Presbyterian Church and rep-

resenting on said board a gift to the university of not less than $1000.00.

The failure to allege these purposes and that they have been complied with is a failure to allege the consideration on which the promise was made, which cannot be assumed from the allegations in the petition. If defendant is compelled to pay the amount which he subscribed there is nothing to show that it will be devoted to the purpose for which it was given and to the purpose for which it was subscribed.

According to plaintiff's petition defendant's promise has not been accepted for the purpose for which it was made and the obligation to pay is therefore imperfect under our law, Civil Code, etc.

"Unequivocal words expressive of mere intent do not make an obligation, C. C. Art. 1814."

Under the allegations of the petition with documents annexed to and made part of it, plaintiff is seeking to compel payment of an amount promised as a gift, without alleging that it is in furtherance of the purpose of the gift and the intent of the donor in giving; therefore the donor is under no obligation to pay.

It is not claimed in the petition that Oglethorpe University accepted the gift and proposes to use it for the purpose for which it was promised to be given.

The plaintiff should have alleged compliance with the purpose for which the promise to give was made.

We notice that it is contended in plaintiff's brief that "by virtue of their subscription and other subscriptions Southern University incurred considerable debts, etc.", but we do not find in the petition an averment of this kind. (The Acts Nos. 124 of 1882, and 251 of 1914, apply to Educational Institutions in this State only.)

Under the law C. C. Arts. 1827, 1897, 1882 and C. P. Art. 20, defendant can invoke the failure to allege compliance with the purposes for which he promised to give, as a defense against the action to compel him to pay.

The judgment of the lower court appears to be correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed; defendant and appellant to pay cost of both courts.